UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMIT KUMAR,

        Petitioner,

    v.

WARDEN, GOLDEN STATE ANNEX, *et al.*,

        Respondents.

Case No.   1:26-cv-04109 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders—a fact that Respondents candidly acknowledge in opposition. Fleeing India, Petitioner entered the United States on December 13, 2017, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 1 ¶¶ 54–57. On January 6, 2018, Petitioner was released from custody and paroled into the country pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id*. ¶¶ 58–59. After his release, Petitioner applied for asylum and was authorized to work by USCIS. *Id*. ¶ 62. On April 30, 2026, ICE officers detained Petitioner at Fresno County Superior Court where he was appearing to answer allegations of driving under the influence. *Id*. ¶ 69.

Many prior orders within this district and throughout the Ninth Circuit are dispositive on the issues raised in the Petition. *See, e.g.*, *Fernandez Lopez v. Wofford*, No. 1:25-CV-01226-KES-SKO (HC), 2025 WL 2959319 (E.D. Cal. Oct. 17, 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Marin v.*

Case No.: 1:26-cv-04109-EJD

1

*Warden of Golden State Annex*, No. 1:26-CV-04316 (VC), 2026 WL 1871026 (E.D. Cal. June 29, 2026); *Maldonado Rojas v. Warden of the Golden State Annex*, No. 1:26-CV-04315-NW, 2026 WL 1871025 (E.D. Cal. June 29, 2026); *Ji v. Noem*, No. 1:26-CV-01186-DJC-CSK, 2026 WL 485287 (E.D. Cal. Feb. 20, 2026); *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025); *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159 (D. Nev. 2025). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued freedom. *See R.A.N.O.*, 820 F. Supp. 3d at 1103 (finding protected liberty interest where petitioner was previously released on parole under § 1182(d)(5)(A)). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents filed an answer to the petition candidly acknowledging that "that the current case mirrors the issues in numerous cases decided by Courts in this District finding the government's legal position to be incorrect and the alien's detention unlawful." Dkt. No. 5 at 1. Their sole argument in opposition is that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2).[1] *Id*. at 2. This argument has been rejected by countless courts throughout this circuit, and the Court does the same here. *See, e.g.*, *R.A.N.O.*, 820 F. Supp. 3d at 1103 (explaining that Petitioner still retained a protected liberty interest, and was entitled to due process when re-detaining petitioner); *Fernandez Lopez*, 2025 WL 2959319 at *4 (similar); *Rodriguez Cabrera*, 808 F. Supp. 3d at 1169 (noting that courts have overwhelmingly rejected this application of §

---

[1] Based on records submitted by Respondents, it appears Petitioner has a pending charge for driving under the influence. *See* Dkt. No. 5-4. Aside from attaching documents relevant to this charge, Respondents do not otherwise explain their legal or factual significance, or indeed even mention them in their briefing. As such, the Court considers any argument with respect to them waived. Additionally, the Court notes that Petitioner was arrested for this offense nearly two years ago on September 21, 2024. *Id*. at 3. Respondents' records indicate that DHS was aware of this arrest, but chose not to revoke Petitioner's parole at that time. Dkt. No. 5-1 at 2.

Case No.: 1:26-cv-04109-EJD

2

1225); *Noori*, 807 F. Supp. 3d at 1168 (finding § 1225 inapplicable because petitioner was no longer an "arriving alien" and had been paroled into the country).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Amit Kumar from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 27, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 1:26-cv-04109-EJD